UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SONDRA ARQUIETT,<br><br>　　　　　　　Plaintiff,<br><br>　-against-<br><br>UNITED STATES OF AMERICA and TIMOTHY SINNIGEN, individually and in his official capacity as an Agent of the United States Drug Enforcement Administration,<br><br>　　　　　　　Defendants. | 7:13-CV-752 [TJM/TWD]<br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Sondra Arquiett ("Plaintiff"), by and through her undersigned attorneys, submits the following as and for her Complaint in the above-captioned action:

**PRELIMINARY STATEMENT**

1.　Plaintiffs bring this action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80.

2.　This action involves the deprivation of Plaintiff's constitutional rights by the Defendants, as well as claims in tort arising under the FTCA. These claims all arise out of the Defendants' use of Plaintiff's name and likeness to create a counterfeit Facebook account in her name, which was utilized to initiate communications with criminal suspects and other persons known to the Plaintiff.

**JURISDICTION AND VENUE**

3.　This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the acts complained of occurred in this District.

## PARTIES

5. Plaintiff is a resident of the County of Jefferson, State of New York.

6. Upon information and belief, at all times relevant hereto, Defendant Timothy Sinnigen had a residence and place of employment within the Northern District of New York.

7. At the times relevant hereto, Sinnegen was employed as an agent in the New York division of the United States Drug Enforcement Administration ("DEA"), working out of an office located within the Northern District of New York.

8. At all times hereinafter mentioned, Sinnigen was acting under color of federal law in his official capacity as an agent of the United States government.

## GENERAL ALLEGATIONS

9. On or about July 15, 2010, Plaintiff was arrested as part of a joint investigation by the DEA, the Department of Homeland Security and the Saint Lawrence County Drug Task Force. At the time of her arrest, various personal property of the Plaintiff was seized, including her cell phone.

10. On or about August 13, 2010, Sinnigen appropriated Plaintiff's name and likeness to create a publicly available Facebook account that purported to be an account belonging to Plaintiff.

11. Sinnigen created the Facebook account without Plaintiff's knowledge or permission.

12. After creating the counterfeit Facebook account, Sinnigen then posted photographs belonging to the Plaintiff to the publicly available account page that he had created.

13. Sinnegen seized the photographs from Plaintiff's personal cell phone, and published them on the counterfeit Facebook account without her knowledge or consent.

14. The photographs used by Sinnigen included revealing and/or suggestive photographs of Plaintiff, including photographs of the Plaintiff in her bra and panties. Sinnigen also posted photographs of Plaintiff's minor child and her minor niece to the Facebook.

15. Sinnigen then utilized the Facebook page to initiate contact with dangerous individuals he was investigating with regard to an alleged narcotics distribution ring.

16. Sinnigen also initiated contacts with other persons known to the Plaintiff through use of the Facebook account.

17. Sinnigen pretended to be Plaintiff throughout the course of such communications.

18. Sinnigen maintained the Facebook account for a period of at least three months without Plaintiff's knowledge, during which time the revealing and/or suggestive photographs of Plaintiff remained displayed and available on Facebook.

19. When Plaintiff learned of Sinnigen's actions, she suffered fear and great emotional distress because, by posing as her on Facebook, Sinnegen had created the appearance that Plaintiff was willfully cooperating in his investigation of the narcotics trafficking ring, thereby placing her in danger.

20. Sinnigen admitted and acknowledged his unauthorized appropriation of Plaintiff's name and likeness in writing on November 17, 2010.

21. On July 12, 2012, Plaintiff submitted a timely Notice of Claim to the DEA with regard to Sinnigen's invasion of Plaintiff's privacy, his appropriation of her name and likeness, and his infliction of emotional distress upon the Plaintiff.

22. At times subsequent to the filing of Plaintiff's Notice of Claim, the counterfeit account reappeared on Facebook and was publicly available to persons known to the Plaintiff. As of the date of this filing, the counterfeit account remains publicly available on Facebook.

23. By letter dated January 9, 2013, the DEA administratively denied Plaintiff's claim.

24. Plaintiff exhausted her administrative remedies with regard to her claims.

25. As of the date of this filing, the counterfeit account remains publicly available on Facebook.

### FIRST CAUSE OF ACTION – BIVENS ACTION

26. Plaintiff repeats and realleges each of the foregoing allegations as if fully set forth herein.

27. In *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S. Ct. 1999 (1971), the Supreme Court of the United States recognized an implied private cause of action for damages against federal officers who violate a citizen's constitutional rights.

28. By virtue of the foregoing conduct, Sinnegen deprived Plaintiff of her Constitutional rights, including the right of privacy afforded to her under the First

Amendment to the United States Constitution, the right afforded to her under the Fifth Amendment to equal protection under the law and the right to due process, and her Eighth Amendment right to be free from cruel and unusual punishment.

29. Sinnigen committed these violations in his capacity as an agent of the United States government, and in the course of his employment.

30. Plaintiff suffered damages as a result of Sinnegen's violation of her First Amendment rights, including monetary and other damages in an amount to be determined at trial, but believed to be in excess of $250,000, plus costs and attorneys' fees.

### SECOND CAUSE OF ACTION – FEDERAL TORT CLAIMS ACT
### Intentional Infliction of Emotional Distress

31. Plaintiff repeats and realleges each of the foregoing allegations as if fully set forth herein.

32. The foregoing conduct by Sinnigen was extreme and outrageous.

33. Sinnigen engaged in the foregoing conduct with the intent to cause, or in disregard of a substantial probability that the conduct would cause, severe emotional distress to the Plaintiff.

34. The foregoing conduct by the Defendants caused the Plaintiff to suffer severe emotional distress.

35. Plaintiff suffered damages, including emotional distress, shame, fear and great mental anguish due to the Defendants' tortious conduct, in the amount of $250,000.

### THIRD CAUSE OF ACTION – FEDERAL TORT CLAIMS ACT
### Prima Facie Tort

36. Plaintiff repeats and realleges each of the foregoing allegations as if fully set forth herein.

37. Sinnigen engaged in the foregoing conduct with the intent to cause, or in disregard of a substantial probability that the conduct would cause, harm to the Plaintiff.

38. Plaintiff suffered special damages as a result of Defendants' conduct, including emotional distress, shame, fear and great mental anguish as a result of the Defendants' tortious conduct.

39. There was no justification or excuse for Defendants' tortious conduct.

40. The foregoing conduct by the Defendants caused the Plaintiff to suffer damages in the amount of $250,000.

WHEREFORE, the Plaintiff demands judgment against the Defendant as follows:

(1) On Plaintiff's First Cause of Action, damages for Defendants' violation of Plaintiff's constitutional rights in an amount to be determined at trial, but believed to be in excess of $250,000;

(2) On Plaintiff's Second Cause of Action, damages in the amount of $250,000;

(3) On Plaintiff's Third Cause of Action, damages in the amount of $250,000;

(4) Reasonable costs, disbursements and attorneys' fees; and

(6) Such other and further relief as may seem equitable to the Court.

Dated: June 13, 2013
       Albany, New York

                         LAW OFFICE OF JOHN HOGGAN, PLLC

                         By:   s/John D. Hoggan, Jr.
                                John D. Hoggan, Jr. (Bar Roll No. 511254)
                                *Attorneys for Plaintiff*
                                90 State Street
                                Albany, New York 12207
                                (518) 312-4176
                                jhoggan@hogganlaw.com

and

        LAW OFFICE OF DONALD T. KINSELLA

        By:  s/Donald T. Kinsella
          Donald T. Kinsella (Bar Roll No. 103149)
          *Attorneys for Plaintiff*
          90 State Street
          Albany, New York 12207
          (518) 312-4176
          *dkinsella@khlaw.net*

and

        ZIMMER LAW OFFICE, PLLC

        By:  s/Kimberly Zimmer
          Kimberly Zimmer (Bar Roll No. 505346)
          *Attorneys for Plaintiff*
          333 East Onondaga Street
          Suite 301
          Syracuse, New York 13202
          (315) 422-9909
          *klm@kimzimmerlaw.com*